AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
### for the
### Southern District of California

**FILED**

Oct 04 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ carolinalopez          DEPUTY

In the Matter of the Search of  )
*(Briefly describe the property to be searched*  )
*or identify the person by name and address)*  )          Case No.   23-mj-08766-LR
  )
**Black Huawei Mate**  )
**Model: 30 Pro**  )
**With no identifying numbers or features**  )

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A-8, incorporated herein by reference.

located in the _____ Southern _____ District of _____ California _____ , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 8 USC 1324 | Transportation of Illegal Aliens |

The application is based on these facts:

See Attached Affidavit of Border Patrol Agent Robert Perez incorporated herein by reference.

☐ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Border Patrol Agent Robert Perez
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____ telephone _____ *(specify reliable electronic means).*

Date:   10/04/2023

_____
*Judge's signature*

City and state:  El Centro, California

HON. LUPE RODRIGUEZ JR., U.S. MAGISTRATE JUDGE
*Printed name and title*

## ATTACHMENT A-8
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-8:**         Black Huawei Mate
Model: 30 Pro
With no identifying numbers or features
Seized from Haiyue ZHOU
**(Target Device #8)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## ATTACHMENT B

### ITEMS TO BE SEIZED

Authorization to search the mobile telephones described in Attachments A-1 to A-8 includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the Target Devices for evidence described below.

The evidence to be seized from the mobile telephones will be electronic records, communications, and data, such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data limited to the time period of August 16, 2023, up to and including September 16, 2023, and is limited to the following:

a.  tending to reflect planning of and/or involvement in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

b.  tending to identify other facilities, storage devices, or services such as email addresses, IP addresses, and/or phone numbers that may contain electronic evidence tending to indicate efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

c.  tending to identify co-conspirators, criminal associates, or others involved in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

d.  tending to identify travel to or presence at locations involved in efforts to smuggle illegal aliens into and through the United States;

e.  tending to identify the user of, or persons with control over or access to, the Target Device;

f.  tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

which is evidence of the transportation of illegal aliens in violation of 8 U.S.C. § 1324.

# AFFIDAVIT

I, Robert Perez, United States Border Patrol Agent, having been duly sworn, depose and state as follows:

## INTRODUCTION

1.    I submit this affidavit in support of an application for warrant(s) to search the following electronic device(s):

**A-1:**          Dark Gray iPhone
              Model: 14
              With no identifying numbers or features
              Seized from Yihang DUAN
              **(Target Device #1)**

**A-2:**          Green iPhone
              Model: 12
              With no identifying numbers or features
              Seized from Yihang DUAN
              **(Target Device #2)**

**A-3:**          Silver iPhone
              Model: 12
              With no identifying numbers or features
              Seized from Yihang DUAN
              **(Target Device #3)**

**A-4:**          Purple iPhone
              Model: 12
              With no identifying numbers or features
              Seized from Yihang DUAN
              **(Target Device #4)**

**A-5:**          White iPhone
              Model: 14 Promax
              With no identifying numbers or features
              Seized from Yihang DUAN
              **(Target Device #5)**

**A-6:**         Purple iPhone
Model: 14 Promax
With no identifying numbers or features
Seized from Yihang DUAN
**(Target Device #6)**

**A-7:**         OnePlus
Model: 11 5G
IMEI:860053064926825
Seized from Meiran LIU
**(Target Device #7)**

**A-8:**         Black Huawei Mate
Model: 30 Pro
With no identifying numbers or features
Seized from Haiyue ZHOU
**(Target Device #8)**

as further described in Attachments A-1 to A-8, and to seize evidence of a crime, specifically, violations of Title 8, United States Code, Section 1324 (Alien Smuggling), as further described in Attachment B.

      2.    The requested warrant relates to the investigation and prosecution of Yihang DUAN (DUAN) for transportation of illegal aliens Meiran Liu (Liu) and Haiyue ZHUO (ZHUO) (collectively, the "Material Witnesses") in violation of Title 8 U.S.C. § 1324 within the Southern District of California. The Target Devices were seized from DUAN and the Material Witnesses on or about September 15, 2023, incident to the arrest of DUAN and the Material Witnesses. The Target Devices are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

      3.    Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth every fact that I, or others, have learned during the course of this investigation. The information contained in this Affidavit is based upon my personal observations and

knowledge, my review of various official reports, and upon conversations with other Border Patrol Agents.  Dates and times are approximate.

## EXPERIENCE AND TRAINING

4.      I am a United States Border Patrol Agent and have been so employed since 2000.  I am currently assigned to the El Centro Station, and I am currently a member of the El Centro Sector Prosecutions Unit.  I am a graduate of the Border Patrol Basic Academy at the Federal Law Enforcement Training Center in Glynco, Georgia and a Federal Law Enforcement Officer within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure.  I am authorized by Rule 41(a) of the Federal Rules of Criminal Procedure to make applications for search and seizure warrants and serve arrest warrants. I have experience in and have received training with respect to conducting investigations of violations of Titles 8, 18, 19, and 21 of the United States Code.

5.      I am currently assigned to the El Centro Sector Prosecutions Unit. The El Centro Sector Prosecutions Unit is tasked with the responsibility of investigating and prosecuting alien smuggling organizations that utilize the Southern and Central Districts of California as an operational corridor. In the course of my duties as a Border Patrol Agent, I investigate and prepare cases for prosecution against persons involved in the inducement of the illegal entry of undocumented aliens into the United States; the smuggling of undocumented aliens into the United States; and the transportation and harboring of undocumented aliens within the United States.

6.      Through the course of my training, investigations, and conversations with other law enforcement personnel, I have gained a working knowledge of the operational habits of alien smugglers and alien transporters, those who attempt to smuggle aliens into the United States from Mexico and transport them throughout the Southern District of California.  I am aware that it is a common practice for alien smugglers to work in concert with other individuals and to do so by utilizing cellular telephones to maintain communications with co-conspirators and/or illegal aliens in order to further their criminal activities.  Because they are mobile, the use of cellular telephones permits alien smugglers

and transporters to easily carry out various tasks related to their smuggling activities, including, *e.g.*, remotely monitoring the progress of the aliens while the aliens are in transit, providing instructions to transporters, guiding aliens to specific pick up locations, warning accomplices about law enforcement activity in the area and the status of check-point operations, and communicating with co-conspirators who guide aliens, coordinate drop off locations, and/or operate alien stash houses.

7.     The smuggling of aliens generates many types of evidence, including, but not limited to, cellular phone-related evidence such as voicemail messages referring to the arrangements of travel, names, photographs, text messaging (via SMS or other applications), and phone numbers of co-conspirators and illegal aliens.  For example, drivers and passengers responsible for transporting illegal aliens are typically in telephonic contact with co-conspirators immediately prior to and/or following the crossing of the illegal aliens at the border, at which time they receive instructions, including where to pick-up the illegal aliens for transportation into the United States and where to take the illegal aliens after crossing into the United States. These communications may also include locations for delivery to stash houses and/or sponsors.  Illegal aliens also are typically in telephonic contact with co-conspirators prior to and following their crossing in order to make smuggling arrangements, receive instructions, and report their locations after crossing.

8.     Based upon my training, experience, and consultations with law enforcement officers experienced in narcotics trafficking investigations, and all the facts and opinions set forth in this affidavit, I know that cellular telephones (including their Subscriber Identity Module (SIM) card(s)) can and often do contain electronic evidence, including, for example, phone logs and contacts, voice and text communications, and data, such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data. In particular, in my experience and consultation with law enforcement officers experienced in alien smuggling investigations, I am aware that individuals engaged in alien smuggling may store photos and videos on their cell phones

that reflect or show co-conspirators and associates engaged in alien smuggling, as well as images and videos with geo-location data identifying alien smuggling transportation routes, and communications to and from recruiters and organizers.

9.     This information can be stored within disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular telephone. Specifically, searches of cellular telephones may yield evidence:

a.     tending to indicate efforts to smuggle aliens from Mexico into the United States;

b.     tending to identify accounts, facilities, storage devices, and/or services–such as email addresses, IP addresses, and phone numbers–used to facilitate alien smuggling and transportation of smuggled aliens;

c.     tending to identify co-conspirators, criminal associates, or others involved in alien smuggling, or transportation of smuggled aliens;

d.     tending to identify travel to or presence at locations involved in the smuggling, transportation, or harboring of illegal aliens, such as stash houses, load houses, or delivery points;

e.     tending to identify the user of, or persons with control over or access to, the Target Device(s); and/or

f.     tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above.

**FACTS SUPPORTING PROBABLE CAUSE**

10.     On September 15, 2023, Border Patrol Agent (BPA) V. Mullis was conducting checkpoint operations approximately 50 miles north of the Calexico California West Port of Entry. This area is relatively flat desert with small businesses, and small communities. Individuals who illegally enter the United States frequently utilize this route to avoid detection and apprehension. State Route 86 (SR-86) is a major roadway north of the of the United States/Mexico border that smuggled aliens use in order to reach major

metropolis cities to include Los Angeles, Riverside and San Bernardino. A United States Border Patrol Checkpoint has been placed in this area to enhance detection of alien smuggling.

11.     On September 15, 2023, at approximately 3:45 p.m., a light blue Sports Utility Vehicle (SUV) bearing Montana license plates approached the primary inspection area of the Highway 86 Checkpoint, closely following the vehicle in front of it. The primary inspection area contains stop signs and red lights indicating to drivers that they must stop. As the vehicle approached the primary inspection, BPA Mullis observed two occupants in front and multiple passengers in the rear seat. BPA Mullis motioned for the vehicle to stop for inspection, but the vehicle failed to stop and continued to drive past his location without slowing or rolling down its windows. BPA Mullis began to shout at the vehicle to stop; at which time the vehicle began to accelerate, while attempting to overtake the vehicle in front of it in an unsafe manner. Once the SUV was clear of the checkpoint, the vehicle accelerated at a high rate of speed continuing northbound on SR-86. Due to the driver's failure to stop at a clearly marked USBP checkpoint, BPA H. Castaneda and BPA Mullis began to pursue the SUV in a marked Border Patrol sedan equipped with emergency lights and sirens. During the BPAs attempt to close the distance between the fleeing vehicle they noticed the vehicle weaving in and out of traffic while traveling at high rate of speed, in excess of 100 mph. After having travelled approximately nine miles the vehicle's progress was impeded by heavy traffic, allowing the BPAs to get close enough to read the plates from Montana. The SUV continued to switch lanes in what appeared to be an attempt to overtake the vehicles impeding them. BPA Castaneda and BPA Mullis were now directly behind the SUV with emergency lights and sirens activated. The driver of the SUV continued to look for a path around the vehicles in front, swerving left and right but could not find one, eventually pulling over approximately one mile south of State Route 22 on SR-86. BPA Mullis exited his vehicle and approached the driver's side of the light blue SUV and attempted to open the driver's door, but it was locked. BPA Mullis issued commands for the driver, later identified as DUAN, Yihang, to unlock the door to which

he complied. BPA Mullis then asked DUAN to turn off the vehicle. BPA Mullis directed DUAN to exit the vehicle, to which he failed to respond or comply. BPA Mullis reached into the vehicle in order to undo DUAN's seatbelt and escort him out of the vehicle. BPA Mullis grabbed DUAN's arm, and he began to resist by pulling his arm away from BPA Mullis and grabbing onto the steering wheel. DUAN continued to ignore commands to exit the vehicle and continued holding on to the steering wheel. BPA Mullis managed to gain control of one of DUAN's arms while he used his other arm to continue to grab onto the steering wheel and what appeared to be him reaching into the middle console. Fearing that DUAN might be reaching for a weapon BPA Mullis forcibly pulled DUAN out of the vehicle. Due to being on the highway, mere feet away from oncoming traffic, BPA Mullis attempted to escort DUAN to the rear of the vehicle. During this attempt DUAN continued to resist, attempting to break the grasp by pulling his arms and body away from BPA Mullis to possibly re-enter the vehicle. Once BPA Mullis was able to maneuver DUAN to the rear of the vehicle, BPA Castaneda arrived from the other side of the vehicle, and performed a controlled takedown by escorting DUAN to the ground in order to apply handcuffs. After DUAN was secured in handcuffs, BPA Mullis made his way to the passenger side of the vehicle and began to question the remaining occupants. None of the occupants were able to provide any immigration documents. The occupants and the vehicle were transported toto the SR-86 Checkpoint for further investigation.

12.     During a search incident to arrest of DUAN, and the Material Witnesses, BPA Smith instructed all occupants to leave their cellphones inside the Rolls Royce and place them on the front passenger seat. All three complied, leaving six cellphones behind: four cell phones were placed on the front seat by DUAN: a dark gray iPhone 14 (Target Device #1), a green iPhone 12 (Target Device #2), a silver iPhone 12 (Target Device #3), and a purple iPhone 12 (Target Device #4). Two cell phones were placed on the front seat by the Material Witnesses: a Oneplus smartphone (Target Device #7) belonging to LIU and a black Huawei Mate (Target Device #8) belonging to ZHOU. LIU and ZHOU claimed ownership of their respective phones and they were seized as evidence. Thereafter, two

additional iPhones were found inside DUAN's backpack while conducting an inventory search: a white iPhone 14 Promax (Target Device #5) and a purple iPhone 14 ProMax (Target Device #6).   DUAN claimed ownership of six cell phones and they were seized as evidence.

13.    I am aware that smuggling conspiracies require planning to successfully evade detection by law enforcement.  In my professional training and experience, this may require planning and coordination in the days and weeks prior to the event.  Additionally, co-conspirators are often unaware of the subject's arrest and will continue to attempt to communicate with the subject after the arrest to determine their whereabouts.  Given this, I respectfully request permission to search the Target Devices for data beginning on August 16, 2023, up to and including September 16, 2023 the day after the arrest of DUAN and the Material Witnesses.

## METHODOLOGY

14.    It is not possible to determine merely by knowing the cellular telephone's make, model and serial number, the nature, and types of services to which the device is subscribed, and the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants, and have functions such as calendars and full address books, and can be minicomputers allowing for electronic mail services, web services, and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode," which disables access to the network.  Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and, instead, store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be

acquired forensically, not all the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

15.     Following the issuance of this warrant, a case agent familiar with the investigation will collect the Target Devices and subject them to analysis. All forensic analysis of the data contained within the telephones, and their memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

16.     Based on the foregoing, identifying, and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days of the date the warrant is signed, absent further application to this Court.

//
//
//
//
//
//
//
//
//
//
//
//
//

## CONCLUSION

17.     Based on all the facts and circumstances described above, I believe that probable cause exists to conclude that DUAN and the Material Witnesses used the Target Devices to facilitate the offense of alien smuggling. The Target Devices likely were used to facilitate the offense by transmitting and storing data, specifically that described in Attachment B, which constitutes evidence of violations of Title 8, United States Code, Section 1324. I also believe that probable cause exists to believe that evidence of illegal activity committed by DUAN, the Material Witnesses, and others continues to exist on the Target Devices. Therefore, I respectfully request that the Court issue this warrant.

I swear the foregoing is true and correct to the best of my knowledge and belief.



Robert Perez Border Patrol Agent
United States Border Patrol

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 4th day of October, 2023.

10:22 a.m.

HON. LUPE RODRIGUEZ, JR.
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A-1
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-1**:             Dark Gray iPhone
                    Model: 14
                    With no identifying numbers or features
                    Seized from Yihang DUAN
                    **(Target Device #1)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## **ATTACHMENT A-2**
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-2:**         Green iPhone
               Model: 12
               With no identifying numbers or features
               Seized from Yihang DUAN
               **(Target Device #2)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## **ATTACHMENT A-3**
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-3:**          Silver iPhone
             Model: 12
             With no identifying numbers or features
             Seized from Yihang DUAN
             **(Target Device #3)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## ATTACHMENT A-4
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-4:**               Purple iPhone
Model: 12
With no identifying numbers or features
Seized from Yihang DUAN
**(Target Device #4)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## **ATTACHMENT A-5**
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-5:**              White iPhone
                 Model: 14 Promax
                 With no identifying numbers or features
                 Seized from Yihang DUAN
                 **(Target Device #5)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

# ATTACHMENT A-6
## PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-6:**    Purple iPhone
      Model: 14 Promax
      With no identifying numbers or features
      Seized from Yihang DUAN
      **(Target Device #6)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## <u>ATTACHMENT A-7</u>
PROPERTY TO BE SEARCHED

The following property is to be searched:

**<u>A-7</u>:**         OnePlus
             Model: 11 5G
             IMEI:860053064926825
             Seized from Meiran LIU
             **(Target Device #7)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

**ATTACHMENT A-8**
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-8:**        Black Huawei Mate
Model: 30 Pro
With no identifying numbers or features
Seized from Haiyue ZHOU
**(Target Device #8)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## **ATTACHMENT B**

ITEMS TO BE SEIZED

Authorization to search the mobile telephones described in Attachments A-1 to A-8 includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the Target Devices for evidence described below.

The evidence to be seized from the mobile telephones will be electronic records, communications, and data, such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data limited to the time period of August 16, 2023, up to and including September 16, 2023, and is limited to the following:

a.    tending to reflect planning of and/or involvement in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

b.    tending to identify other facilities, storage devices, or services such as email addresses, IP addresses, and/or phone numbers that may contain electronic evidence tending to indicate efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

c.    tending to identify co-conspirators, criminal associates, or others involved in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

d.    tending to identify travel to or presence at locations involved in efforts to smuggle illegal aliens into and through the United States;

e.    tending to identify the user of, or persons with control over or access to, the Target Device;

f.    tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

which is evidence of the transportation of illegal aliens in violation of 8 U.S.C. § 1324.